UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SOUTHWEST AGRI-PLASTICS, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:09-CV-1271-B |
| HOG SLAT, INC., | § § § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER[1]

Before the Court is Southwest Agri-Plastics, Inc.'s Amended Motion to Dismiss and Brief in Support (doc. 14). For the reasons stated below, the Court finds the Motion should be and hereby is **GRANTED in part and DENIED in part** (doc. 14).

### I.

### BACKGROUND[2]

This action arises from the business relationship existing between Plaintiff Southwest Agri-Plastics, Inc. ("SWAP") and Defendant Hog Slat, Inc. ("Hog Slat"). Hog Slat began purchasing SWAP's Dura-Tuff flooring products in 2002. (Def.'s Original Answer and

---

[1] In conjunction with the entry of this Memorandum Opinion and Order, the Court finds Southwest Agri-Plastics, Inc.'s Motion to Dismiss and Brief in Support should be and hereby is **DENIED as moot** (doc. 12).

[2] The Court takes its factual account from the allegations contained in Defendant's Original Answer and Counterclaim (doc. 5). *See D.J. Invs, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d 542, 546 (5th Cir. 1985); *see also Shushany v. Allwaste, Inc.*, 992 F.2d 517, 520 (5th Cir. 1993)(holding a dismissal for failing to state fraud with sufficient particularity under Rule 9(b) is a dismissal on the pleadings for failure to state a claim and, as such, all well-pleaded factual allegations in the complaint should be accepted as true).

Countercl. 12: ¶ 5.)  Hog Slat re-sold such flooring products to hog farmers for use in their farming operations.  (*Id*. at 13: ¶ 5.)  To place its orders for SWAP products, Hog Slat would generally fax a purchase order to SWAP.  (*Id*. at 13: ¶ 7.)  These purchase orders contained particular terms and conditions regarding seller warranties and seller indemnification obligations which were acknowledged and accepted by SWAP.  (*Id*. at 13: ¶¶ 7-8.)

Hog Slat experienced few problems with SWAP's Dura-Tuff cast-iron flooring tiles prior to 2004.  (*Id*. at 14: ¶ 10.)  However, in 2004, SWAP redesigned the tiles (the "Second Generation tiles") resulting in a substantially weakened structural integrity.  (*Id*. at 14: ¶ 11.)  After the 2004 redesign, SWAP shipped the Second Generation Tiles to Hog Slat, but failed to disclose the resulting defects and reduced quality.  (*Id*. at 14: ¶ 12.)

In 2005 and early 2006, Hog Slat's customers increasingly complained to Hog Slat about the quality of the Second Generation tiles and looked to Hog Slat for warranty replacement.  (*Id*. at 14: ¶ 13.)  Hog Slat fulfilled SWAP's product warrant obligations by installing replacement tiles and paying for any lost livestock.  (*Id*. at 15: ¶ 16.)  Accordingly, Hog Slat requested SWAP honor its warranty of the Second Generation tiles.  (*Id*. at 15: ¶ 17.)  SWAP ultimately refused to replace the Second Generation tiles.  (*Id*.)

In September 2006, SWAP redesigned its Dura-Tuff cast-iron flooring tiles again (the "Third Generation tiles").  (*Id*. at 15: ¶ 18.)  This redesign substantially reduced the failure rate of the product.  (*Id*.)  However, as a result of SWAP's sale of the Second Generation tiles, Hog Slat has incurred over $192,000 in replacement costs, almost $60,000 in installation costs of replacement flooring, over $10,000 in replacement costs for livestock, and irreparable harm to its reputation.  (*Id*. at 16-17: ¶ 19.)

On July 2, 2009, SWAP filed suit against Hog Slat asserting claims for breach of contract and seeking a declaratory judgment regarding the warranties covering SWAP's products. (*See generally* Pl.'s Original Compl.) In response, Hog Slat filed its Original Answer and Counterclaim. (*See generally* Def.'s Original Answer and Countercl.) In its Counterclaim, Hog Slat asserts claims for breach of contract, unjust enrichment, breach of express warranty, indemnification, breach of implied warranty of merchantability, negligent misrepresentation, and fraudulent misrepresentation. (*Id.* at 16-23.)

On August 27, 2009, SWAP filed the instant Amended Motion to Dismiss and Brief in Support (doc. 14) seeking to dismiss Hog Slat's counterclaims for negligent misrepresentation, fraudulent misrepresentation, and unjust enrichment pursuant to Federal Rules of Civil Procedure 9 and 12. Having considered the parties briefing and the relevant law, the Court turns to the merits of its decision.

## II.

## LEGAL STANDARD

**A. Motions to Dismiss under Rule 12(b)(6)**

Motions to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) are "viewed with disfavor and [are] rarely granted." *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 147 (5th Cir. 1997)(quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)). Federal Rule of Civil Procedure 8(a)(2) provides that a pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the

allegations in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007). The Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(quoting *Twombly*, 550 U.S. at 555). Therefore, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Id.* (quoting *Twombly*, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

### B. Motions to Dismiss Under Rule 9(b)

Federal Rule of Civil Procedure 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The amount of particularity required to sufficiently plead fraud differs based upon the context of each case. *Williams v. WMX Techs, Inc.*, 112 F.3d 175, 178 (5th Cir. 1997). However, generally Rule 9(b) requires a specification as to which statements were fraudulent, the identity of the speaker, when and where the statements were made, and an explanation as to why the statements were fraudulent. *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004). This standard has been analogized to the essential requirements of the first paragraph of a newspaper article - the who, what, where, when and why. *Melder v. Morris*, 27 F.3d 1097, 1100 n. 5 (5th Cir. 1994).

### III.

## ANALYSIS

In its Amended Motion to Dismiss and Brief in Support ("SWAP's Motion to Dismiss"), SWAP moves to dismiss Hog Slat's negligent misrepresentation, fraudulent misrepresentation, and unjust enrichment claims. Accordingly, the Court will consider each claim in turn.

### A. Hog Slat's Claim for Negligent Misrepresentation

SWAP argues Hog Slat cannot prove its negligent misrepresentation claim as a matter of law because a defendant must owe a plaintiff a duty for a negligent misrepresentation claim to stand in Texas. (Southwest Agri-Plastics, Inc's Am. Mot. to Dismiss and Br. in Supp. 4.) SWAP contends it does not owe Hog Slat such a duty. (*Id.*) Texas law does not recognize an implied duty of good faith and fair dealing in every contract or business transaction. (*Id.* at 5.) Further, a special relationship does not exist between SWAP and Hog Slat giving rise to any duty. (*Id.*) Thus, because Hog Slat has failed to allege a duty between the parties, its negligent misrepresentation claim must be dismissed for failure to state a claim under Rule 12(b)(6). (*Id.* at 5-6.)

Hog Slat contends a person making a representation concerning a transaction in which he or she has a pecuniary interest has a duty to exercise reasonable care or competence in communicating the information. (Def. Hog Slat's Resp. In Opp'n to Southwest Agri-Plastics' Mot. To Dismiss or, Alternatively, Mot. For Leave to Amend Pleading 4.) Hog Slat argues its pleadings sufficiently allege SWAT has breached this duty. (*Id.*) Hog Slat further notes it has alleged SWAT affirmatively misrepresented the quality of its tiles. (*Id.* at 7.) Finally, Hog Slat contends that, to the extent Hog Slat was required to allege a duty, Hog Slat has sufficiently pleaded facts to support the existence of certain duties between the parties. (*Id.* at 8-9 (citing

*Texas Drydock, Inc. v. Davis*, 4 S.W.3d 919, 921-22 (Tex. App.–Beaumont, no pet.)(noting a promise by a party upon which another person relies can constitute an undertaking for which the promising party can be liable if the promise increased the risk of harm to the relying party); *City of Port Isabel v. Shiba*, 976 S.W.2d 856, 858 (Tex. App.–Corpus Christi 1998, pet. denied)(noting a common-law duty to perform with care, skill, reasonable expedience and faithfulness accompanies every contract); *Midwest Employers Cas. Co. v. Harpole*, No. 04-08-00183-CV, 2009 WL 1789288, at*3 (Tex. App.–San Antonio, June 24, 2009, no pet. h.)(recognizing the duty of every person to exercise reasonable care to avoid forseeable harm to others)).)

In order to state a claim for negligent misrepresentation, a plaintiff must show that a representation was made by a defendant in the course of his business, or in a transaction in which he had a pecuniary interest, that the defendant supplied false information for the guidance of others in their business, that the defendant did not exercise reasonable care or competence in obtaining or communicating the information, and that the plaintiff suffered a pecuniary loss by justifiably relying on the representation. *Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1992). Such negligent misrepresentation claims cannot be based on promises to act or not act in the future, but rather must focus on misstatements of existing fact. *Thermacor Process, L.P. v. BASF Corp.*, No. 4:06-CV-605-A, 2008 WL 351586, at *3 (N.D. Tex. Feb. 7, 2008)(citing *Allied Vista, Inc. v. Holt*, 987 S.W.2d 138, 141 (Tex.App.–Houston [14th Dist.] 1999, pet. denied); *Roof Sys., Inc. v. Johns Manville Corp.*, 130 S.W.3d 430, 439 (Tex.App. – Houston [14th Dist.] 2004, no pet.)).

Notably, under Texas law, a defendant's failure to disclose information is not considered a negligent misrepresentation unless there is an existing duty to disclose. *Coburn Supply Co., Inc.*

*v. Kohler Co.*, 342 F.3d 372, 377 (5th Cir. 2003).  Further, it is often difficult to prove the justifiable reliance element if a contract does not exist because "negligent misrepresentation is ' a cause of action recognized in lieu of a breach of contract claim, not usually available where a contract was actually in force between the parties.'" *AMS Staff Leasing, NA, Ltd. v. Ass'n Contract Truckmen, Inc.*, No. 3:04-CV-1344-D, 2006 WL 1096777, at *5 (N.D. Tex. April 26, 2006)(quoting *Airborne Freight Corp. v. C.R. Lee Enters.* 847 S.W.2d 289, 295 (Tex.App.–El Paso 1992, writ denied)).

In its Counterclaim, Hog Slat alleges SWAP affirmatively represented the Second Generation tiles "were of a minimum quality that was at least as good as the First Generation tiles, and were stronger than the First Generation tiles and competitor's products." (Def.'s Original Answer and Countercl. 21: ¶ 44.)  Hog Slat additionally alleges such representations were made as part of a transaction in which SWAP had a pecuniary interest.  (*Id.* at 12-14: ¶¶ 5, 11-12.)  Finally, Hog Slat notes its reliance on such representations caused it to suffer pecuniary losses.[3]  (*Id.* at 15-16: ¶ 19.)  As such, Hog Slat has adequately pleaded a negligent misrepresentation claim with regard to SWAP's alleged misrepresentation about the tiles' quality. Accordingly, to the extent SWAP seeks to dismiss Hog Slat's negligent misrepresentation claims with regard to SWAP's representations about the tiles' quality, the Motion should be **DENIED**.

However, as part of its negligent misrepresentation claim, Hog Slat further alleges SWAP represented it "would stand behind its warranty of the Second Generation tiles, but failed and refused to replace the cracked and broken Second Generation tiles." (*Id.* at 21: ¶ 45.)  Such

---

[3]While such reliance may ultimately be difficult to prove in light of the contract existing between the parties, the Court finds Hog Slat's pleadings on this point have satisfied the Rule 8 pleading standard.

allegations are made in reference to future performance and/or conduct. Under Texas law, negligent misrepresentation claims cannot be based on such promises of future acts. *See Thermacor Process*, 2008 WL 35186, at *3. Accordingly, to the extent SWAP's Motion seeks to dismiss Hog Slat's claims with regard to representations about future conduct, the Motion should be **GRANTED**.

### B. Hog Slat's Claim for Fraudulent Misrepresentation

SWAP contends Hog Slat's Counterclaim for fraudulent misrepresentation lacks the specificity required by Rule 9(b). (Southwest Agri-Plastics, Inc.'s Am. Mot. To Dismiss and Br. In Supp. 6.) Specifically, SWAP notes Hog Slat has failed to allege who made the statements at issue, how they were made, and when they were made. (*Id*.) As a result, SWAP contends it has not received adequate notice of Hog Slat's claims, and the claims should be dismissed under Rule 9(b). (*Id*. at 7.)

Hog Slat notes its fraudulent misrepresentation claim is based both on SWAP's failure to disclose pertinent information, as well as its affirmative misrepresentations. (Def. Hog Slat's Resp. In Opp'n to Southwest Agri-Plastic's Mot. To Dismiss or, Alternatively, Mot. For Leave to Amend Pleading 9.) In regard to its non-disclosure claims, Hog Slat contends it has adequately pleaded the basis for SWAP's duty to disclose, the information that was withheld, the general time period during which the fraudulent conduct occurred and what SWAP gained by withholding the information. (*Id*. at 10-11.) Hog Slat similarly contends it has adequately pleaded the requisite details pertaining to SWAP's affirmative misrepresentations. (*Id*. at 11.)

In cases involving fraudulent misrepresentation through *the omission of facts*, "Rule 9(b) typically requires the claimant to plead the type of facts omitted, the place in which the

omissions should have appeared, and the way in which the omitted facts made the representations misleading." *United States ex rel. Ley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 381 (5th Cir. 2004)(quoting 2 James W. Moore, et al., *Moore's Federal Practice* § 9.03[1][b], 9018-19 (3d ed. 2003)). In regard to *affirmative misrepresentations*, "pleading fraud with particularity in this circuit requires 'time, place and contents of the false representation, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby.'" *Williams*, 112 F.3d at 177.

Hog Slat's Counterclaim alleges SWAP "failed to disclose the defects and reduced quality of the Second Generation tiles to its customers and potential customers, including Hog Slat and Hog Slat's farmer-customers." (Def.'s Original Answer and Countercl. 22: ¶ 52.) Hog Slat additionally alleges SWAP did not inform them of the defective redesign of the tiles and, as a result, the tiles failed to perform as expected causing Hog Slat's farmer-customers to complain with increasing frequency. (*Id*. at 14-15: ¶¶ 11-15.) Such allegations satisfy the Rule 9(b) pleading standard with regard to omissions. As such, to the extent SWAP's Motion seeks to dismiss Hog Slat's fraudulent misrepresentation claim with regard to omissions or non-disclosures, the Motion should be **DENIED**.

Hog Slat's Counterclaim additionally alleges SWAP "made representations regarding the quality, durability, design, safety, and strength of the Dura-Tuff cast-iron flooring tiles, both directly and through the description established by the parties' course of dealing and the quality of [SWAP's] First Generation flooring tiles." (*Id*. at 22: ¶ 53.) However, Hog Slat fails to plead with the requisite specificity the time, place and contents of the affirmative misrepresentations, as well as the identity of the person making such misrepresentations. As such, to the extent

SWAP's Motion seeks to dismiss Hog Slat's fraudulent misrepresentation claim with regard to affirmative misrepresentations, the Motion should be **GRANTED**.

Because the Court finds a portion of Hog Slat's pleadings do not satisfy the Rule 9(b) standard, Hog Slat moves the Court for leave to amend its pleadings. Federal Rule of Civil Procedure 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." The Court finds amendment is warranted in this situation. Accordingly, the Court **GRANTS** Hog Slat leave to amend its pleadings with regard to its Rule 9(b) deficiencies.

### C. Hog Slat's Unjust Enrichment Claim

SWAP contends Hog Slat's claim for unjust enrichment should be dismissed under Rule 12(b)(6). (Southwest Agri-Plastics, Inc.'s Am. Mot. To Dismiss and Br. In Supp. 8-9.) SWAP argues Hog Slat cannot allege a contract was explicitly created and also claim its course of dealings with SWAP created a contract implied by law. (*Id*. at 8.) Thus, SWAP argues Hog Slat cannot distinguish the bases for its unjust enrichment claim from the essential elements of the contract dispute and the claim should be dismissed. (Southwest Agri-Plastics, Inc.'s Reply in Supp. Of Its Mot. To Dismiss 8.)

Hog Slat contends it is permitted to plead its unjust enrichment claim as an alternative theory. (Def. Hog Slat's Resp. In Opp'n to Southwest Agri-Plastics's Mot. To Dismiss or, Alternatively, Mot for Leave to Amend Pleading 11 (citing Fed. R. Civ. P. 8(e)(2); *Laurence v. Atzenhoffer Chevrolet*, 281 F. Supp. 2d 898, 900 (S.D. Tex. 2003)).) Further, Hog Slat argues its unjust enrichment claim must stand as an alternative theory particularly because it is unclear at this point in the litigation if the purported contract will be found valid. (*Id.*)

Unjust enrichment is an implied contract theory allowing recovery when one person

unfairly obtains a benefit from another. *Purselley v. Lockheed Martin Corp.*, 322 F. App'x 399, 403 (5th Cir. 2009). Because unjust enrichment is an implied contract theory, it is not generally available if a valid contract exists. *Id.* However, the Federal Rules of Civil Procedure allow a party to assert separate claims under alternative theories of liability. *See* Fed. R. Civ. P. 8(d)(2). Thus, a party is allowed to plead such alternative claims even if the theories underlying the claims are inconsistent with each other. *Waller v. DB3 Holdings, Inc.*, No. 3:08-CV-0491-D, 2008 WL 373155 (N.D. Tex. Feb. 12, 2008); *Baisden v. I'm Ready Productions, Inc.*, No. H-08-0451, 2008 WL 2118170, at *10 (S.D. Tex. May 16, 2008); *see also Isofoton, S.A. v. Giremberk*, No. CV-04-0798-PHX-ROX, 2006 WL 1516026, at *3 (D. Ariz. May 30, 2006)("Indeed, Fed. R. Civ. P. 8(e) permits a plaintiff to alternatively plead, and there is no requirement that the Plaintiff include the magic words 'in the alternative' in making alternative claims."). Allowing for such alternative pleading accounts for the possibility a contract at issue in a case could later be held invalid. *Id.*

In light of this standard, the Court finds Hog Slat has adequately pleaded its unjust enrichment claim in the alternative. Accordingly, to the extent SWAP's Motion seeks to dismiss Hog Slat's unjust enrichment claim, the Motion is **DENIED**.

## IV.

## CONCLUSION

The Court finds SWAP's Motion To Dismiss should be **DENIED** to the extent it seeks to dismiss Hog Slat's negligent misrepresentation claims with regard to SWAP's affirmative representations under Rule 12(b)(6), to the extent it seeks to dismiss Hog Slat's fraudulent misrepresentation claims with regard to omissions or non-disclosures under Rule 9(b), and to the

extent it seeks to dismiss Hog Slat's unjust enrichment claim under Rule 12(b)(6). However, the Court finds SWAP's Motion to Dismiss should be **GRANTED** to the extent it seeks to dismiss Hog Slat's claims with regard to negligent misrepresentations about future conduct under Rule 12(b)(6), and to the extent it seeks to dismiss Hog Slat's fraudulent misrepresentation claims with regard to affirmative misrepresentations under Rule 9(b). Accordingly, the Court finds SWAP's Motion to Dismiss should be and hereby is **GRANTED in part and DENIED in part** (doc. 14). The Court **GRANTS** Hog Slat leave to amend its pleadings to the extent necessary to address its Rule 9(b) pleading deficiencies.

    SO ORDERED.

    DATED February 26, 2010

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE